UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WAYNE CALLEY; JARED WAYNE CALLEY,

                Plaintiffs,

-against-

TOWN OF CORTLANDT; LINDA D. PUGLISI, TOWN OF CORTLANDT SUPERVISOR; TOWN OF CORTLANDT COURT CLERK AUDREY STEWART; WESTCHESTER COUNTY POLICE DEPARTMENT; WESTCHESTER COUNTY POLICE OFFICER COFFEE,

                Defendants.

1:19-CV-5453 (CM)

ORDER

COLLEEN McMAHON, Chief United States District Judge:

    Plaintiffs filed this action *pro se*, asserting claims in connection with their eviction from their residence in or near a mobile home park in the Town of Cortlandt. By order dated July 8, 2019, the Court held that Plaintiffs' complaint filed to state a claim on which relief could be granted but granted them leave to amend their complaint within sixty days. Plaintiffs failed to amend their complaint, and on September 20, 2019, the Court dismissed the complaint.

    Nearly four months later, on January 10, 2020, Plaintiffs submitted a motion under Rule 60(b) of the Federal Rules of Civil Procedure, together with a document labeled "supplemental information." (ECF Nos. 8-9). After reviewing the arguments in Plaintiff's submissions, the Court denies the motion.

## DISCUSSION

    Under Rule 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called

>intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b).

Plaintiff's supplemental information seeks to "demonstrate a Pattern of criminal activity" on the part of the Town of Cortlandt Supervisor Linda Puglisi and a Deputy Director of the Department of Planning. (ECF 8 at 1). Plaintiffs allege that the Town of Cortlandt damaged the underground water pipes on or near their property and then sent them a water bill of nearly $3,000. Plaintiffs also raise for the first time claims that mobile home park residents became ill from toxins released when the mobile home park was demolished (*id.* at 2-3), though Plaintiffs do not allege that they personally were affected.[1]

In their motion, Plaintiffs make extensive arguments about ownership of the property under New York's real property laws and seem to assert that they acquired rights to the property where they lived through adverse possession.[2] Plaintiffs do not address in their motion the deficiencies identified in the Court's order to amend. For example, the Court indicated that Plaintiffs failed to state a claim against Officer Coffee because they did not plead facts about what he personally did or failed to do that violated their rights. Plaintiffs argue in this motion that they "can't change the facts of the case and the amended complaint will be the same as the first." (ECF 9 at 10.)

---

[1] This order addresses whether to reconsider the order dismissing the claims asserted in Plaintiff's complaint, and does not address whether Plaintiffs could pursue some new or different claim against the Town of Cortlandt.

[2] Plaintiff attaches documents stating that mobile home park residents were entitled to remain until 2016, which authorization seems to undercut Plaintiffs argument that their possession of the property was adverse.

The Court has considered Plaintiff's arguments, and even under a liberal interpretation of his motion, Plaintiff has failed to allege facts demonstrating that any of the grounds listed in the first five clauses of Fed. R. Civ. P. 60(b) apply. Therefore, the motion under any of these clauses is denied.

To the extent that Plaintiff seeks relief under Rule 60(b)(6), the motion is also denied. "[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *Smith v. Sec'y of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985)). A Rule 60(b)(6) motion must show both that the motion was filed within a "reasonable time" and that "'extraordinary circumstances' [exist] to warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs. of America, Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (per curiam) (citation omitted). Plaintiff has failed to allege any facts demonstrating that extraordinary circumstances exist to warrant relief under Rule 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950).

## CONCLUSION

Accordingly, Plaintiff's motion for reconsideration (ECF No. 9) is denied. The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: May 22, 2020
        New York, New York

                                                   COLLEEN McMAHON
                                         Chief United States District Judge

3